UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
- $52,150.00 U.S. Currency
- $15,210.00 U.S. Currency
- Assorted Rolex Watches
  - Stainless Steel Rolex GMT-Master II watch; Red/Blue numbered ceramic bezel w/ box, Serial: 675D86C1;
  - Stainless Steel Rolex Daytona Cosmograph watch; Black monoblonc bezel w/box, Serial: 2YG15288; and
  - Stainless Steel Rolex GMT-Master II Batman watch; Black/Blue numbered bezel w/box Serial: U32653J4

Misc. No. 23-51202
Hon. Linda V. Parker

**Stipulated Order Extending United States' Time to File Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Luke Winkler ("Claimant") by and through his attorney, Layne Sakwa, as follows:

1. On January 18, 2023, the Drug Enforcement Agency ("DEA") seized $52,150.00 U.S. Currency from Claimant in Romulus, Michigan. On January 26, 2023, the DEA seized the following property from Claimant in Troy, Michigan:

- $15,210.00 U.S. Currency; and

- Assorted Rolex watches, including,
    - a stainless steel Rolex GMT-Master II watch; red/blue numbered ceramic bezel with a box, Serial: 675D86C1;
    - a stainless steel Rolex Daytona Cosmograph watch; black monoblonc bezel with a box, Serial: 2YG15288; and
    - a stainless Steel Rolex GMT-Master II Batman watch; black/blue numbered bezel with a box Serial: U32653J4.

2. Collectively, the currency and assorted Rolex watches are referred to as the "Subject Property."

3. The Parties acknowledge and stipulate that the DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Subject Property to all known interested parties, including to Claimant.

4. Claimant filed a claim in the administrative forfeiture proceeding with the DEA regarding the Currency. No other person has filed a claim to the Currency in the administrative forfeiture proceeding.

5. The DEA referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

6. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

   (a) file a complaint for forfeiture against the claimed property,

   (b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action, in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **August 6, 2023**.

7. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Subject Property.

8. Claimant knowingly, intelligently, and voluntarily gives up any rights he may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the subject property, to return the subject property, and/or to include the Subject Property for forfeiture in a criminal action by **August 6, 2023**.

9. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the subject property, to return the subject property, and/or to include the Subject Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **90 days** from **August 6, 2023**, to and including **November 6, 2023**.

10. Claimant waives all constitutional and statutory challenges related to the foregoing extension and give up any rights he may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Claimants further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the subject property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

11. Claimant agrees that until the United States files a complaint for forfeiture against the subject property and/or alleges forfeiture of the subject property in a criminal action, or until **November 6, 2023**, whichever occurs first, the Subject Property shall remain in the custody of the United States, and Claimant shall not seek its return for any reason in any manner.

12. By signing below, Layne Sakwa declares that prior to signing this Stipulation, she provided a copy of it to Claimant, reviewed it with Claimant, consulted with Claimant regarding its contents, answered any questions Claimant had about it, determined that Claimant understands its terms and is aware of his rights in this matter, and Claimant authorized Layne Sakwa to sign this Stipulation.

13. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: July 25, 2023

Approved as to form and substance:

Dawn N. Ison
United States Attorney

*S/Cassandra M. Resposo*
Cassandra M. Resposo (IL 6302830)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9736
Cassandra.Resposo@usdoj.gov

*S/Layne Sakwa (with consent)*
Layne Sakwa
Attorney for Claimant
150 W. 2nd Street, Suite 250
Royal Oak, MI 48067
(248) 353-6500
laynesakwa@gmail.com

5